**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**V.**                      **CASE NO. 5:18-CR-50038-001**

**PEDRO ZAMBRANO**                                                        **DEFENDANT**

**OPINION AND ORDER**

Currently before the Court is Defendant Pedro Zambrano's *pro se* Motion for Compassionate Release and to Appoint Counsel (Doc. 334). The Court directed the Government to file a response, and the Government did so, s*ee* Doc. 339, along with Mr. Zambrano's medical records (Doc. 338). Now that the Motion is ripe, the Court finds that it should be **DENIED** for the reasons discussed below.

**I. BACKGROUND**

On April 2, 2019, Mr. Zambrano was sentenced after pleading guilty to one count of conspiracy to distribute a mixture or substance containing methamphetamine. The Court sentenced him to 240 months imprisonment, five years of supervised release, a fine of $10,000.00, and a special assessment of $100.00. (Doc. 312). In imposing this sentence, the Court varied downward from the original Guideline sentencing range of 292–365 months, which was calculated based on the significant quantity of methamphetamine for which Mr. Zambrano was held accountable, coupled with enhancements for his role as a leader of an extensive criminal conspiracy and for obstruction of justice. *See* Doc. 309, ¶¶ 88, 91, 92.

Mr. Zambrano is currently incarcerated at FCI Lompoc and has served approximately than 27 months of his sentence. He seeks early, compassionate release

due to his medical condition: Mr. Zambrano asserts that he was infected with the COVID-19 virus and suffers from lingering effects that would make him more vulnerable if he were to be re-infected, such as shortness of breath, head and body aches, and loss of taste and smell. (Doc. 334, p. 1). Mr. Zambrano's medical records indicate that he was tested positive for COVID-19 on May 5, 2020. (Doc. 338, p. 80). He was screened daily by medical staff between May 8 and May 20 and never exhibited a fever or indicated that he was experiencing symptoms. *See id.* at 68–69.

Mr. Zambrano first requested early release on May 15, 2020, which was denied by the Acting Warden on May 26, 2020. (Doc. 334, pp. 4 & 5). He filed a second request on June 18, 2020, and the Warden's Office responded on July 8, 2020, referring him to the Warden's earlier response. *Id.* Mr. Zambrano filed the instant Motion in this Court on July 20, 2020.

## II.  LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). If one of these requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Thus,

the court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.* Application Note 1(A)(ii)(I) indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

The Court's ability to rule on Mr. Zambrano's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release—whichever event is sooner. Here, it is clear that more than 30 days have passed since the warden at FCI Lompoc received Mr. Zambrano's request for compassionate early release.[1] Thus, Mr. Zambrano's request for a reduction in sentence may be granted by this Court if it finds that (1) extraordinary and compelling reasons

---

[1] The Government also concedes that this Court may consider Mr. Zambrano's Motion. *See* Doc. 339, p. 3 n.1.

warrant such a reduction; and (2) the reduction in sentence is appropriate after considering the factors set forth in 18 U.S.C. § 3553(a).

The extraordinary and compelling reasons for early release that Mr. Zambrano relies upon in his Motion are the lingering effects of his prior COVID-19 infection and the risk of reinfection. The health conditions Mr. Zambrano cites—shortness of breath, head and body aches, and loss of taste and smell—do not qualify as a serious physical or medical condition. He has not alleged that these conditions substantially diminish his ability to care for himself, nor can the Court reasonably conclude that Mr. Zambrano will not likely recover. Mr. Zambrano does not cite any underlying conditions that make him especially vulnerable to COVID-19, and in fact he indicated to medical staff that he experienced no symptoms in the two weeks after he tested positive for COVID-19. As for the risk of reinfection, the Court notes that the Bureau of Prisons currently reports no active cases among inmates at FCI Lompoc and two active cases among staff. *See* Fed. B. of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed Aug. 26, 2020). Therefore, the Court concludes that Mr. Zambrano has not offered any extraordinary and compelling reasons that warrant a reduction in his sentence.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Pedro Zambrano's *pro se* Motion for Compassionate Release and to Appoint Counsel (Doc. 334) is **DENIED.**

**IT IS SO ORDERED** on this 27th day of August, 2020.

---

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE